IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| THE FINLEY GROUP AS RECEIVER FOR INDUSTRIAL PIPING, INC., <br><br>Plaintiff,<br><br>v.<br><br>TAO (MIKE) ZHANG, and DAYI (SEAN) LIU<br><br>Defendants. | Case No. 4:15-CV-450-BLW<br><br>MEMORANDUM DECISION AND ORDER |
|---|---|

## INTRODUCTION

The Court has before it a motion in limine and a motion to stay. The motions are fully briefed and at issue. For the reasons explained below, the Court will deny the motion in limine at this time without prejudice to the right of plaintiff to raise the motion at a later date, and will deem moot the motion to stay.

## ANALYSIS

Plaintiff Industrial Piping Inc. (IPI) entered into a contract with Hoku to do piping work and supply steel for the construction of a facility designed to make solar panels. IPI was never paid in full and brings this lawsuit to recover what it was owed. IPI has sued Hoku's President (Tao Zhang) and Hoku's Vice-President for Finance (Dayi Liu). The Second Amended Complaint alleges that Zhang and Liu deceived IPI into performing work despite knowing that no money existed to pay IPI.

When the original trial date drew near, IPI filed a motion in limine seeking a ruling admitting into evidence ten categories of evidence. Defendants objected to the admission of all ten categories of evidence, and filed a motion to stay resolution of the admissibility issues until trial, when the evidence could be viewed in context. Shortly after these two motions were filed, the Court allowed the plaintiff to file an amended complaint with a new claim, authorized further discovery, and vacated the trial date. The parties are now engaged in that discovery and no new trial date has been set.

The new claim, and the further discovery, may change the analysis of the admissibility of the evidence addressed in the motion in limine. Consequently, the Court will deny the motion in limine, without prejudice to the right of IPI to raise the motion again once the discovery has been completed. This decision moots the motion to stay.

Without resolving any evidentiary issues, the Court will give counsel some guidance. The Court will allot each side a certain amount of time to conduct the trial of their case – in other words, each side will be on-the-clock and time will be of the essence. If objections are raised at trial, and are unsuccessful, the time spent resolving that issue will be taken out of the time allotted to the party losing the objection. Thus, both sides gain a real advantage from stipulating to as much as possible prior to trial, and both sides are disadvantaged by clinging to marginal evidentiary objections. For example, in the ten items of evidence addressed in the motion in limine, six came from Hoku's files and were clearly kept in the regular course of business. Obviously, a decision on the relevancy of such documents must typically await trial – but authenticity and hearsay would appear to

be fertile grounds for stipulation.  This is simply guidance, not a ruling, for counsels' benefit.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion in limine (docket no. 82) is DENIED, and the motion to stay (docket no. 89) is MOOT.

DATED: November 6, 2018

B. Lynn Winmill
Chief U.S. District Court Judge