IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE FINLEY GROUP AS RECEIVER FOR INDUSTRIAL PIPING, INC., <br><br> Plaintiff, <br><br> v. <br><br> TAO (MIKE) ZHANG, and DAYI (SEAN) LIU <br><br> Defendants. | Case No. 4:15-CV-450-BLW <br><br> MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it a motion in limine to exclude the expert testimony of Jodi Whittaker, filed by plaintiff Industrial Piping Inc., and a motion in limine to exclude the testimony of Maggie Lyons, filed by defendants Zhang and Liu. The motions are fully briefed and at issue. For the reasons explained below, the Court will grant the motion to exclude Whittaker but deny the motion to exclude Lyons.

## FACTUAL BACKGROUND

Plaintiff Industrial Piping Inc. (IPI) brings this lawsuit to recover payment for construction work it performed on a facility for Hoku Materials to produce solar panels. IPI and Hoku entered into a Master Construction Services Agreement (MCSA) in October of 2011 setting forth the work that IPI would perform and the payment it would receive – about $7 million. IPI claims that it performed the work but was never fully paid, and has sued Hoku's President (Tao Zhang) and Hoku's Vice-President for Finance

**Memorandum Decision & Order – page 1**

(Dayi Liu). Hoku went into bankruptcy and hence is not a party to this lawsuit. The Second Amended Complaint alleges that Zhang and Liu deceived IPI into performing work despite knowing that no money existed to pay IPI.

As part of their case-in-chief, IPI intends to call Maggie Lyons, a CPA and forensic accountant, to offer expert testimony that Hoku was insolvent when it signed the MCSA and did not have the working capital at that time to pay IPI. In response, defendants intend to call Jodi Whittaker, also a CPA, not to challenge conclusions about solvency or working capital, but instead to apply a Code of Conduct drafted by the American Institute of Certified Public Accountants (AICPA) to Lyons' testimony and opine that Lyons' testimony violates those standards.

Both sides have filed motions in limine seeking to exclude the testimony of their opponent's expert. The Court will review first the motion as to Lyons and then take up the motion regarding Whittaker.

## ANALYSIS

### Lyons

Maggie Lyons is a CPA with 30 years of experience in accounting and financial consulting. She is currently the President of Resolve Financial Group, Inc., and has served as a Chapter 11 Examiner in the U.S. Bankruptcy Court for the District of Idaho, a receiver in the U.S. District Court for the District of Oregon, and as a Plan Trustee in the U.S. District Court for the Eastern District of Washington. She has extensive experience working in forensic accounting.

**Memorandum Decision & Order – page 2**

She was retained by IPI "to evaluate whether at the time Liu and Zhang caused Hoku to issue the MCSA, Hoku lacked the ability to pay the contractual amount of [$7.2 million] for the work to be performed by IPI under the MCSA." *See Report (Dkt No. 114-1)*. After reviewing Hoku's financial documents and other materials, she found that "[w]hen the MCSA was signed, Hoku was facing significant plant construction cost overruns and massive amounts of debt without any sources of cash for repayment." *Id.* She summarized her opinion as follows: "[A]t the time Tao (Mike) Zhang signed the [MCSA] . . . Hoku was unable to pay its debts as they matured, including the [$7.2 million] agreed price for IPI's work under Task Orders 1-7." *Id.* At this time, Lyons opined, Hoku was insolvent and did "not have sufficient working capital to complete its obligations under the (MSCA) and Task Orders 1-7." *Id.*

The defendants complain that Lyons will testify about the state of mind of Zhang and Liu – that is, that they intended to deceive IPI. But Lyons' report says nothing about the state of mind of Zhang or Liu. There is some deposition testimony where she characterized Zhang's representations as "untruthful", but ultimately she testified that she would "leave it to the attorneys and to the rest of the process" to determine their intent. *See Lyons Deposition (Dkt. No. 98-3)* at pp. 19-20. IPI's brief represents that she will not testify about the intent, motivation, or state of mind of Zhang and Liu. *See IPI Brief (Dkt. No. 114)* at pp. 16-19. The Court will rely on that representation.

**Memorandum Decision & Order – page 3**

Defendants argue, however, that Lyons will go beyond her area of expertise, and invade the province of the Court and jury, when she attempts to interpret the MCSA. To resolve this argument, the Court must review the proposed testimony of Lyons.

Lyons was retained to evaluate the accuracy of certain representations made by Hoku in the MCSA. For example, in § 3.9.7, Hoku represents that it is "financially solvent, able to pay its debts as they mature and has sufficient working capital to complete its obligations under the Agreement." Lyons will testify, based on her study of the financial documents and other material, that at the time the MCSA was signed, Hoku was not solvent and did not have the necessary working capital to complete its obligations. To explain her testimony, Lyons must by necessity explain the meaning of terms like "solvent" and "working capital." She will do so not by interpreting the MCSA but by explaining the meaning generally ascribed to those terms by those in the accounting field. It remains up to the jury whether the parties attached some other meaning to those terms in the MCSA. Thus, Lyons is not invading the province of the Court or jury. Her testimony will be well within her area of expertise and will be helpful to the jury as these terms are not common or widely understood by laymen.

Defendants argue that Lyons' is not really acting as a forensic accountant, and that she has relied upon non-financial documents such as board minutes and emails. But a fair reading of her deposition testimony is that she

**Memorandum Decision & Order – page 4**

is acting as a forensic accountant, and that she did rely on material that others in her field typically rely upon.

Defendants complain that Lyons' opinions are not transparent and cannot be rebutted. But she has explained her opinions in great detail in both her report and deposition testimony. Her testimony about Hoku's solvency and working capital are well-documented. The Court cannot find that her opinions are a black box that would be unfair to defendants.

Defendants take issue with Lyon's testimony that defendants "caused" the MCSA to issue. But this appears to be a minor matter that can be handled at trial if that testimony is inaccurate.

Finally, defendants argue that any testimony from Lyons about the financial condition of Hoku after Zhang signed the MCSA on October 6, 2011, should be excluded. This is really a relevancy objection and cannot be made in the abstract. The Court will allow defendants to raise this argument at trial when confronted with specific testimony, but will deny the motion at this stage of the proceedings.

**Whittaker**

Jodi Whittaker is a CPA who was retained to testify about the Code of Professional Conduct drafted by the American Institute of Certified Public Accountants (AICPA). She is the President of Whittaker & Associates, Inc., an accounting firm based in Boise. She has over 30 years of experience in financial accounting and taxation. In addition to her CPA, she has a Masters of Taxation, and is a member of the AICPA.

**Memorandum Decision & Order – page 5**

Her Rule 26 expert report states that "I am prepared to testify relative to the scope of the responsibilities of a CPA and to describe the scope of those duties and responsibilities." *See Exhibit D (Dkt. No. 96-3).* More specifically, she is being offered to rebut the plaintiff's expert CPA, Maggie Lyons. Whittaker states that she has reviewed Lyons' report and is

> prepared to testify regarding the areas within which a CPA is qualified to render opinions, as well as the areas and topics which a CPA is not qualified to or permitted to render professional opinions. In that regard, I am prepared to discuss the restrictions and limitations as defined by a CPA's training, as well as the provisions of the [AICPA] and more particularly, the Principles of the Code of Professional Conduct published by the [AICPA]. More specifically, I am prepared to testify that it is not within a CPA's training nor is it permitted by the Principles of the Code of Professional Conduct for a CPA to opine as regards the motivation or state of mind of persons who have prepared financial documents. I am prepared to identify and testify concerning the numerous statements and opinions in Ms. Lyons' reports that have violated the Code of Professional Conduct and, therefore, in my opinion, are not professionally appropriate nor are they valid opinions.

*Id.* This is a complete statement of Whittaker's opinions and analysis – her Rule 26 expert report was a single page letter. In summary, her report states that the trial testimony of Ms. Lyons will violate AICPA standards governing the testimony of CPAs. Whittaker's report does not challenge Lyons' testimony about Hoku's financial status, but instead focuses on the application of AICPA standards to Lyons' expected testimony. The report contains three flaws, any one of which is sufficient to warrant exclusion.

The first is that there is no need for this testimony – IPI has represented that Lyons will not testify about the intent or state of mind of Zhang and Liu.

Thus, there is no need for testimony applying the AICPA standards to testimony regarding intent or state of mind, as Whittaker was prepared to do.

Second, Whittaker is being offered as an expert on the limits imposed on CPAs in their trial testimony, and yet nothing in her background qualifies her as an expert on the application of AICPA standards to trial testimony. Her professional background as a CPA and the owner of an accounting firm does not make her an expert on the application of AICPA standards to trial testimony. *See Cabrera v. Cordis Corp.,* 945 F.Supp. 209 (D.Nev. 1996) (holding that medical doctor who was board certified in nephrology could not testify as an expert on brain shunts).

The third flaw is that Whittaker's report fails to comply with the requirement of Rule 26(a)(2)(B) that her report contain "a complete statement of all opinions the witness will express and basis and reasons for them" along with the "facts and data considered by the witness in forming them." Whittaker's report merely states that she will "testify concerning the numerous statements and opinions" in Ms. Lyons' reports that violate the AICPA standards. But precisely what "statements and opinions" does she challenge? And what provisions of the AICPA standards is she relying on to support her challenges? Without this level of detail, Whittaker's truncated report sets the stage for an ambush – her opinions are stated so generally that it is impossible to prepare any rebuttal. *See R.C. Olmstead, Inc. v. CU Interface, LLC,* 606 F.3d 262, 271 (6th Cir. 2010) (noting that a Rule 26 report must be complete so

**Memorandum Decision & Order – page 7**

that "opposing counsel is not forced to depose an expert in order to avoid an ambush at trial; and moreover the report must be sufficiently complete so as to shorten or decrease the need for expert depositions and thus to conserve resources.").

For these reasons, the Court will grant the motion in limine filed by IPI to exclude the testimony of Jodi Whittaker.

## Conclusion

Based on the analysis above, the Court will grant the motion in limine to exclude the testimony of Jodi Whittaker and deny the motion in limine to exclude the testimony of Maggie Lyons.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion in limine re Jodi Whittaker (docket no. 96) is GRANTED.

IT IS FURTHER ORDERED, that the motion in limine re Maggie Lyons (docket no. 98) is DENIED.

DATED: November 7, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge