IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE FINLEY GROUP AS RECEIVER FOR INDUSTRIAL PIPING, INC., <br><br> Plaintiff, <br><br> v. <br><br> TAO (MIKE) ZHANG, and DAYI (SEAN) LIU <br><br> Defendants. | Case No. 4:15-CV-450-BLW <br><br> MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

The Court has before it several motions that are fully briefed and at issue. For the reasons expressed below, the Court will deny the motion for partial summary judgment, deem moot the motion for extension, grant the motion to withdraw Count III, strike affirmative defenses Twelve through Twenty-Six, and grant the motion for sanctions.

**LITIGATION BACKGROUND**

Plaintiff Industrial Piping Inc. (IPI) brings this lawsuit to recover payment for construction work it performed on a facility for Hoku Materials to produce solar panels. IPI and Hoku entered into a Master Construction Services Agreement (MCSA) in October of 2011 setting forth the work that IPI would perform and the payment it would receive – about $7 million. IPI claims that it performed the work but was never fully paid and has sued Hoku's President (Tao Zhang) and Hoku's Vice-President for Finance (Dayi

Liu). Hoku went into bankruptcy and hence is not a party to this lawsuit. Both sides have filed various motions that the Court will consider and resolve below.

**Motion for Partial Summary Judgment**

IPI moves for a partial summary judgment on the issue of election of remedies. IPI argues that the largest amount it could receive from the Bankruptcy Court as a secured creditor is $1,010,968.69, and that it is entitled to apply this sum to the $5 million owed to it by Hoku rather than to any judgment obtained against defendants Zhang and Li in this action.

Earlier in this action, defendants Zhang and Li sought a summary judgment ruling that IPI's decision to pursue payment from Hoku in the bankruptcy proceedings precluded IPI from seeking recovery against Zhang and Li based on the same set of facts, and asked the Court to dismiss the case. Judge Lodge, who was presiding at that time, decided that there was no reason to dismiss the action at that time, and that any potential double recovery could be addressed in jury instructions or post-judgment proceedings:

> [R]ather than disallow the claim as a matter of law based on the proof of claim filed in the bankruptcy, the Court believes this concern can be addressed in terms of the proof of damages allowed in this case or, if necessary, in post-judgment proceedings. Defendants have failed to demonstrate any case law that would support summary dismissal of Plaintiff's claims in this case and at this stage of the proceedings based on election of remedies or concerns regarding double-recovery.

*See Order (Dkt. No. 84).* Now faced with the mirror-image motion filed by IPI, the Court finds that the ruling of Judge Lodge applies with equal strength: There is no need for a ruling at this stage of the proceedings. While it may be necessary to address the issue to some degree while drafting jury instructions, no trial date has even been set, and the issue

**Memorandum Decision & Order – page 2**

can be adequately resolved in post-judgment proceedings. For these reasons, the Court will deny the motion without prejudice to the rights of both parties to raise this issue at a later point.

**Motion to Extend Time to Respond to the Motion for Partial Summary Judgment**

Defendants ask the Court for additional time to respond to IPI's motion for partial summary judgment regarding the election of remedies until more discovery can be done to identify the payments IPI has received from Hoku's bankruptcy estate. Given the ruling above, this motion is moot – if IPI eventually receives a judgment in this action, the issue of double recovery and any attendant discovery can be addressed in a post-judgment proceeding.

**Motion to Withdraw Count III and to Strike Defenses**

IPI moves to withdraw Count III of its Second Amended Complaint, and the Court will so order, conditioned on the award of sanctions, discussed further below. IPI also seeks to strike 15 new defenses raised by the defendants in their answer responding to the Second Amended Complaint containing Count III. IPI argues that because the defenses related to Count III, the withdrawal of Count III should result in the defenses being struck. Defendants respond that the Second Amended Complaint also contains changes to the allegations in Counts One and Two, and its defenses relate to those changes. But the changes were minor, and the defenses relate to Count III, not to these inconsequential changes. Thus, the 15 new defenses raised in the defendants' answer to the Second Amended Complaint – the Twelfth through Twenty-Sixth Defenses – will be struck.

**Motion for Sanctions**

**Memorandum Decision & Order – page 3**

IPI filed a motion to amend its complaint to add an additional claim referred to as Count III – a motion granted by the Court over defendants' opposition – and then 42 days later filed a motion to withdraw Count III. Understandably frustrated by this dizzying turn of events, Defendants responded to the motion to withdraw Count III with a motion for sanctions to recover their expenses in opposing the motion to amend because those expenses were incurred unnecessarily given IPI's withdrawal of Count III. IPI objects, claiming that the withdrawal of Count III will actually save expenses and that defendants have failed to follow the dictates of Rule 11.

When IPI filed its motion to amend to add count III on January 30, 2018, this case was over two years old. The deadline for factual discovery was fast approaching – just 17 days away – and the trial setting was just over 5 months away. *See Scheduling Order (docket no. 56) (setting discovery deadline for March 16, 2018, and trial for July 17, 2018).* Any reasonable attorney would know that seeking to add a claim that close to existing deadlines, and in a case so old, would prompt vigorous opposition along with a request that, if the amendment was granted, the deadlines and trial date be moved. That same reasonable attorney would also know that his opponent would incur substantial fees and costs in opposing such a late-filed motion to amend.

That is precisely what happened as the Court allowed the amendment but granted defendants' motion to extend the deadlines and trial date. Defendants incurred expenses in (1) opposing the motion to amend, (2) seeking to extend the discovery deadlines and trial date after the Court granted the motion, and (3) reviewing the substantive law on Count III. This chain of events was so obvious and predictable that any reasonable

**Memorandum Decision & Order – page 4**

attorney would know that such a risk must be weighed against the need for the additional count *before* any motion to amend was filed.

Yet, IPI's counsel explains that he "did not anticipate that the amendment would lead to an extensive delay in the trial setting and an entirely new scheduling order with a new discovery period and the associated costs and burden." *See IPI Brief (Dkt. No. 109-2)* at p. 2. This "unanticipated" delay, IPI's counsel explains, is why he filed his motion to withdraw Count III on July 11, 2018, just 42 days after he had moved to add count III. *See Motion (Dkt. No. 109).*

It was unreasonable – indeed reckless – for IPI's counsel to fail to anticipate that adding a claim at such a late date in the proceedings would cause (1) defendants to incur expenses in opposing a new claim, and (2) the Court to extend discovery deadlines and the trial date to accommodate the new claim. It is reckless to ignore an obvious risk and cause opposing counsel to incur expenses needlessly.

Pursuant to 28 U.S.C. § 1927, an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." To award fees under § 1927, the court must find that an attorney acted "recklessly or in bad faith." *U.S. v. Blodgett*, 709 F.2d 608, 610 (9th Cir.1983). The Ninth Circuit has held that "recklessness suffices for § 1927." *Fink v. Gomez*, 239 F.3d 989, 993–94 (9th Cir.2001). Sanctions may be imposed under § 1927 without oral argument if counsel is given adequate notice that sanctions are being sought and a full opportunity to brief the issue, which occurred here. See *Pacific Harbor Capital Inc. v. Carnival Air*

**Memorandum Decision & Order – page 5**

*Lines, Inc.*, 210 F.3d 1112, 1118 (9th Cir. 2000); *Gamage v. Nevada*, 647 Fed. Appx. 787, 789 (9th Cir. 2016).

The Court finds that IPI's counsel was reckless in failing to anticipate that his motion to amend would lead to the loss of deadlines and a trial date. That reckless conduct led defendants to incur expenses in (1) opposing the motion to amend, (2) seeking to extend the discovery deadlines and trial date after the Court granted the motion, and (3) reviewing the substantive law on Count III. Those expenses were rendered unnecessary when IPI's counsel moved to withdraw Count III. Therefore, the Court will award the fees and costs incurred by defendants in the three areas listed above pursuant to § 1927.[1] Counsel for defendants shall file an affidavit detailing those costs and fees.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for partial summary judgment (docket no. 132) is DENIED.

IT IS FURTHER ORDERED, that the motion for sanctions (docket no. 130) is GRANTED. Defendants shall submit an affidavit identifying the fees and costs they incurred for (1) opposing the motion to amend, (2) seeking to extend the discovery

---

[1] Because the Court has relied on § 1927, the Court will not discuss the arguments raised regarding Rule 11.

**Memorandum Decision & Order – page 6**

deadlines and trial date after the Court granted the motion, and (3) reviewing the substantive law on Count III.

IT IS FURTHER ORDERED, that the motion for extension of time to respond to the motion for partial summary judgment (docket no. 138) is DEEMED MOOT.

IT IS FURTHER ORDERED, that the motion to amend/correct to withdraw Count III and strike defenses (docket no. 109) is GRANTED. Count III of the Second Amended Complaint is DEEMED WITHDRAWN and defenses labeled Twelve through Twenty-Six contained in defendants' answer to the Second Amended Complaint are STRICKEN.

DATED: November 29, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge