IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| INDUSTRIAL PIPING, INC., <br><br> Plaintiff, <br><br> v. <br><br> TAO (MIKE) ZHANG, and DAYI (SEAN) LIU <br><br> Defendants. | Case No. 4:15-CV-450-BLW <br><br> MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

The Court has before it a motion to exclude new material filed by defendants' expert Maggie Lyons. The motion is fully briefed and at issue. For the reasons expressed below, the Court will grant the motion in part and deny it in part.

## ANALYSIS

Plaintiff Industrial Piping Inc. (IPI) brings this lawsuit to recover payment for construction work it performed on a facility for Hoku Materials to produce solar panels. In an earlier decision, the Court denied a motion by defendants to exclude the expert testimony of Maggie Lyons, a forensic accountant who was retained by IPI to evaluate whether defendants misrepresented Hoku's capacity to pay for work to be performed by IPI. *See Memorandum Decision (Dkt. No. 147).* In that decision, the Court held that her testimony as described in the record was within her qualifications as a forensic accountant. *Id.*

In the briefing by the parties that preceded that decision, IPI filed a Declaration of Lyons. In that Declaration, Lyons conducts an analysis that was not contained in her original report. It is that analysis that defendants seek to exclude through the motion now pending before the Court.

Lyons' new analysis was filed six months after she filed her original expert report. It was not filed as a supplementation to her report but was instead filed – as just discussed – in her Declaration responding to the motion in limine.

The new support that Lyons' inserted into her Declaration concerns a spreadsheet used by defendant Liu in a PowerPoint presentation intended to convince investors to fund Hoku. The spreadsheet, apparently created sometime in 2011, is a "5-year Financial Forecast," predicting Hoku's revenue and profits from the sales of its polysilicon panels for calendar years 2012 to 2016. The forecast was based on a selling price of $83 per unit, and concluded that "[b]ased on the forecast, we could generate sufficient cash to repay the loans during the forecast period."

But Lyons asserts in her Declaration that "[b]y July 2011, the price had dropped to $51 [a unit]." *See Declaration of Lyons (Dkt. No. 114-1)* at ¶ 6. So she recalculated the numbers in the spreadsheet assuming a price of $51 a unit rather than $83, and concluded as follows: "The result is that the total 5-year cash flow changes from positive $44 million to negative $306 million, a swing of $350 million. This further illustrates my conclusion . . . that Hoku did not have a source of cash to repay the massive amounts of debt it faced." *Id.*

The issue is whether Lyons' recalculation of the figures in the spreadsheet is proper supplementation of her original expert report filed in January of 2018. Rule 26(a)(2)(B) requires the original report to contain "a complete statement of all opinions to be expressed and the basis and reasons therefor." Supplementation is required whenever "the party learns that in some material respect the disclosure . . . is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *See* Rule 26(a)(2)(e)(1).

Supplementing an expert report pursuant to Rule 26(e) means "correcting inaccuracies, or filling the interstices of an incomplete report based on information that was not available at the time of the initial disclosure." *Sherwin-Williams Co. v. JB Collision Services, Inc.,* 2015 WL 4742494 (S.D. Cal. August 11, 2015) at *2. For example, courts have rejected supplemental expert reports that were significantly different from the expert's original report and effectively altered the expert's theories, or attempted to deepen and strengthen the experts' prior reports. *Lindner v. Meadow Gold Dairies, Inc.*, 249 F.R.D. 625, 639 (D.Haw. 2008). Moreover, "[t]o construe supplementation to apply whenever a party wants to bolster or submit additional expert opinions would wreak havoc in docket control and amount to unlimited expert opinion preparation." *Akeva LLC v. Mizuno Corp.*, 212 F.R.D. 306, 310 (M.D.N.C.2002)

To begin its analysis, the Court would note that IPI did not submit this new material from Lyons as a supplement to her expert report. Rather, the new material was contained in a Declaration she filed in response to a motion in limine to exclude her

**Memorandum Decision & Order – page 3**

original expert report. Whether intentional or not, there is at least an appearance that the new material concerning the spreadsheet was slipped into the record without being properly flagged as a supplement to her report. Nevertheless, defendants caught it, and IPI now labels it as a supplement, so the issue is whether that is a proper characterization.

Lyons' recalculation is certainly new. Her original expert report – issued six months before her Declaration – did not discuss Liu's spreadsheet in any way. IPI does not dispute defendants' assertion that Lyons had access to the spreadsheet when she filed her original expert report. There is no explanation by IPI as to why Lyons waited from January to July of 2018 to recalculate the figures on Li's spreadsheet.

It is true that the recalculation does not alter Lyons' original opinion that Hoku did not have a source of cash to repay the massive amounts of debt it faced. And the recalculation is easy to follow. Lyon copied the original spreadsheet and then, relying on the new price of $51 per unit, crossed out some numbers and wrote in new figures. Defendants argue that it "is not obviously clear on its face" how Lyons arrived at the new numbers. In fact, it is quite clear – for example, to get the new "Revenue" estimate she simply multiplied the new price ($51 per unit) by the existing estimated volume of products. Then to arrive at the new "Income Before Tax" figure, she added the existing figures for Cost of Goods Sold, Depreciation, and Other Expense, and subtracted that total from the new Revenue figure. It is likewise easy to discern how the other figures – Net Profit, Net Cash Inflow, and Net Cash Flow – were changed. While Lyons does not identify the source of her assumption that the market price was $51 in July of 2011, that will be an easy matter to check, given the multitude of sources generally available to

**Memorandum Decision & Order – page 4**

track market prices. In other words, Lyons' recalculation does not require any new discovery.

However, although Lyons' recalculation does not alter her original opinions and is simple to follow, it is new material that is intended to strengthen her original opinions, not to correct any inaccuracies. Moreover, the recalculation should have been included in Lyons' original report, and she has failed to offer any excuse for not doing so. Her delay prompted a legitimate and predictable motion from defendants to exclude the recalculation, and resulted in defendants incurring attorney fees to file the motion and its associated briefing.

The just solution here is to condition IPI's use at trial of Lyons' recalculations of Liu's spreadsheet on the payment by IPI of the attorney fees defendants incurred in filing the motion to exclude and associated briefing (docket nos. 122 & 131), and on allowing defendants to elicit testimony from its own expert rebutting Lyons' recalculation.[1] This ruling attempts to reconcile the simplicity of the recalculation with the expense of its delay.

## **Conclusion**

The Court will therefore grant in part the motion to exclude. The Court will require IPI to make an election – filed in writing – within ten days from the date of this

---

[1] The conditional award of fees is authorized by 28 U.S.C. § 1927, which states that an attorney who "so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." The unexplained failure to include the recalculation in the original expert report, and the manner of its submission into the record, was reckless conduct, justifying this conditional award.

decision either (1) electing not to use at trial Lyons' recalculation of Liu's spreadsheet, or (2) electing to use Lyons' recalculation of Liu's spreadsheet at trial and paying defendants their reasonable attorney fees and costs incurred in preparing the motion to exclude and associated briefing (docket nos. 122 & 131), and in addition, allowing defendants to elicit testimony from its own expert rebutting Lyons' recalculation.[2]

**ORDER**

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to exclude and/or strike (docket no. 122) is GRANTED IN PART AND DENIED IN PART. Within ten (10) days from the date of this decision, IPI must make an election – filed in writing – either (1) electing not to use at trial Lyons' recalculation of Liu's spreadsheet, or (2) electing to use Lyons' recalculation of Liu's spreadsheet at trial and paying defendants their reasonable attorney fees and costs incurred in preparing the motion to exclude and associated briefing (docket nos. 122 & 131), and in addition, allowing defendants to elicit testimony from their own expert rebutting Lyons' recalculation.

---

[2] If IPI elects to use Lyon's recalculations at trial, the parties shall either agree on the attorney fees and costs to be paid, or submit the issue to the Court for resolution. If the matter is submitted to the Court, both sides will be permitted to brief the issue whether fees should be awarded and the amount. This will satisfy the requirement that IPI have adequate notice and an opportunity to be heard before any fees are awarded under § 1927. *See Pacific Harbor Capital Inc. v. Carnival Air Lines, Inc.,* 210 F.3d 1112, 1118 (9th Cir. 2000)( Sanctions may be imposed under § 1927 without oral argument if counsel is given adequate notice that sanctions are being sought and a full opportunity to brief the issue).



DATED: January 3, 2019

_____
B. Lynn Winmill
U.S. District Court Judge

**Memorandum Decision & Order – page 7**