IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| INDUSTRIAL PIPING, INC.,<br><br>    Plaintiff,<br><br>    v.<br><br>TAO (MIKE) ZHANG, and DAYI (SEAN) LIU<br><br>    Defendants. | Case No. 4:15-CV-450-BLW<br><br>MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

The Court has before it a motion to clarify the scope of discovery. The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

**ANALYSIS**

Plaintiff Industrial Piping Inc. (IPI) entered into a contract with Hoku to do piping work and supply steel for the construction of a facility designed to make solar panels. IPI was never paid in full and brings this lawsuit to recover what it was owed. IPI has sued Hoku's President (Tao Zhang) and Hoku's Vice-President for Finance (Dayi Liu). The Second Amended Complaint alleges that Zhang and Liu deceived IPI into performing work despite knowing that no money existed to pay IPI.

Judge Lodge, who presided over the early proceedings in this case, vacated the initial trial date, allowed IPI to file a Second Amended Complaint adding a new claim

**Memorandum Decision & Order – page 1**

(Count III), and allowed further discovery, holding that the parties "may engage in supplemental discovery, including supplementing expert witness reports, based solely on the new allegations and theory of recovery set forth in Count III of the Second Amended Complaint." *See Order (Dkt. No. 103).*

Defendants filed the motion now pending before the Court to clarify the bounds of discovery and request additional discovery on the role of China South Industries in controlling Hoku's budget. After defendants' motion was filed, IPI withdrew Count III. Defendants' motion anticipated this, arguing that the role of China South remains in the Second Amended Complaint because it was not part of the withdrawn Count III. Defendants argue that the allegations regarding the role of China South create a new theory of recovery that must be explored in discovery. This argument requires some historical context.

The First Amended Complaint, filed September 1, 2017, alleged that Hoku's parent company, Tianwei Group, committed to fund Hoku's building of the polysilicon plant, but later pulled its funding when polysilicon prices fell dramatically, causing Hoku to become "a cash-starved empty shell." *See First Amended Complaint (Dkt. No. 49)* at ¶ 76. According to these allegations, Tianwei controlled Hoku's budget and was responsible for stopping the funding.

After IPI was allowed by Judge Lodge to file a Second Amended Complaint, IPI added the following allegation:

> Hoku's budget and funding for construction of the plant was approved and controlled by China South Industries, the parent of Tianwei Group. Xia [the Vice General Manager of Tianwei] and defendant Liu controlled the

> communications with China South Industries to request approval of budgets and funding by Tianwei provided through its agent banks to Hoku Corporation, thereby determining directly whether Hoku Materials had sufficient working capital to meet its obligation to contractors.

*Second Amended Complaint (Dkt. No. 60)* at ¶ 39. The main difference between the First and Second versions of the complaint is that the Second version adds the fact that China South Industries is the parent of Tianwei and was the controlling entity.

Defendants argue that this creates a new theory of recovery requiring a round of discovery. IPI disagrees, arguing that "[t]he only theories of recovery involved in this case are Counts I and II (with the withdrawal of Count III)." *Id.* IPI claims that the new allegations regarding China South are merely factual in nature and "do[] not amount to a new 'theory of recovery.'" *See IPI's Brief (Dkt. No. 133)* at p. 5.

This is not entirely true. The old theory was that Tianwei controlled Hoku's budget and the new theory is that Tianwei's parent controlled Hoku's budget. This is a change, although it is a minor one – the unchanging narrative is that Hoku was starved by its parents. Even a minor change might, under some circumstances, require additional discovery, but not here. The allegations regarding China South come entirely from material produced by defendants in discovery – IPI has nothing to present at trial regarding China South that was not produced by the defendants. This weighs against allowing further discovery.

Moreover, the role of China South was discussed in great detail in the report prepared by IPI's financial expert Maggie Lyons. *See Lyons Report (Dkt. No. 98-2).* Defendants could have retained an expert at that time to investigate and rebut in detail

**Memorandum Decision & Order – page 3**

Lyons' conclusions but decided instead to file a one-page expert report in response. *See Report (Dkt. No. 96-3)*.

For all these reasons, the Court will deny the motion to clarify as to scope of discovery.

## ORDER

In accordance with the Memorandum Decision set forth above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion to clarify as to scope of discovery (docket no. 129) is DENIED.

DATED: February 1, 2019

B. Lynn Winmill
U.S. District Court Judge