IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| THE FINLEY GROUP AS RECEIVER FOR INDUSTRIAL PIPING, INC., <br><br> Plaintiff, <br><br> v. <br><br> TAO (MIKE) ZHANG, and DAYI (SEAN) LIU <br><br> Defendants. | Case No. 4:15-CV-450-BLW <br><br> MEMORANDUM DECISION AND ORDER |

**INTRODUCTION**

The Court has before it a motion to reconsider filed by the plaintiff Industrial Piping Inc. (IPI). The motion is fully briefed and at issue. For the reasons explained below, the Court will deny the motion.

**ANALYSIS**

IPI asks the Court to reconsider its ruling awarding sanctions for IPI's conduct that caused defendants to incur unnecessary expenses. *See Memorandum Decision (Dkt. No. 152).* As that decision described, IPI had filed a motion to amend to add Count III to the complaint. Defendants incurred expenses in objecting, but the Court granted the motion, and IPI filed its amended complaint including Count III. Defendants then incurred further expenses in arguing that the trial date should be moved and further discovery

**Memorandum Decision & Order – page 1**

allowed, and that motion was granted. *See Order (Dkt. No. 103).* But less than 3 weeks after that Order – and 41 days[1] after IPI filed its amended complaint including Count III – IPI filed a motion to withdraw Count III, a motion that was granted, rendering unnecessary the expenses incurred by defendants in opposing IPI's motion to amend and in pursuing their own motion to move the trial and obtain further discovery. The sanctions were intended to reimburse defendants for the wasted expenses incurred due to IPI's withdrawal of Count III.

IPI argues that it never intended to harass defendants and that its conduct was not a ploy to gain leverage in mediation proceedings. The Court agrees, and there is nothing in its decision that bases sanctions on those grounds. IPI argues that it was improperly sanctioned for seeking to add Count III. That is not accurate; nothing in the Court's decision found that the act of filing the motion to add Count III was reckless by itself. IPI argues that it was improperly sanctioned for opposing defendants' motion to vacate the trial date. Again, that is not accurate; nothing in the Court's decision found that IPI's filing an opposition to the motion to vacate trial was reckless by itself. Up to the point that IPI sought to withdraw Count III, IPI had not done any act that by itself warranted sanctions. It was the withdrawal of Count III that rendered defendants' efforts and expenses unnecessary. And it was IPI's failure to anticipate this predictable result that justifies the finding that it acted recklessly.

---

[1] IPI filed its Amended Complaint adding Count III on May 31, 2018, *see Amended Complaint (Dkt. No. 85),* and filed its motion to withdraw Count III on July 11, 2018. *See Motion (Dkt. No. 109).*

**Memorandum Decision & Order – page 2**

If the withdrawal of Count III had been prompted by something that could not have been anticipated, sanctions would not be appropriate. But the reasons offered by IPI for that withdrawal were easily anticipated – IPI withdrew Count III because defendants were requesting further discovery and a longer trial, due to Count III's addition, driving up costs and fostering delay. *See Weber Declaration (Dkt. No. 153-3)* at ¶¶ 11-12. These were the predictable results of filing a motion to amend so close to the trial date and should have been anticipated prior to filing the motion to amend.

The gist of the Court's decision was set forth in the following paragraph:

> When IPI filed its motion to amend to add count III on January 30, 2018, this case was over two years old. The deadline for factual discovery was fast approaching – just 17 days away[2] – and the trial setting was just over 5 months away. *See Scheduling Order (docket no. 56) (setting discovery deadline for March 16, 2018, and trial for July 17, 2018).* Any reasonable attorney would know that seeking to add a claim that close to existing deadlines, and in a case so old, would prompt vigorous opposition along with a plea that if the amendment was granted, the deadlines and trial date be moved. That is precisely what happened as defendants incurred expenses in (1) opposing the motion to amend, (2) seeking to extend the discovery deadlines and trial date after the Court granted the motion, and (3) reviewing the substantive law on Count III. This chain of events was so obvious and predictable that any reasonable attorney would know that such a risk must be weighed against the need for the additional count *before* any motion to amend was filed.

Nothing in IPI's motion to reconsider prompts the Court to alter this analysis. IPI also argues that the Court used the wrong legal standard in relying on recklessness.

---

[2] As IPI points out, discovery was not 17 days away – it was 45 days away. This does not change the result, however; the discovery deadline was still fast approaching, as was the trial date, which was accurately identified.

While it is certainly true that the Circuit's case law on this subject has "been less than a model of clarity," the Circuit reconciled its disparate line of cases and held that "recklessness suffices for § 1927 . . . ." *B.K.B. v. Maui Police Dep't,* 276 F.3d 1091, 1107 (9th Cir. 2002). It is certainly well-within the purview of the statute to make sanctions available for reckless conduct that increases expenses unnecessarily.

For all of these reasons, the motion to reconsider will be denied.

## ORDER

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion for reconsideration (docket no. 153) is DENIED.

DATED: March 4, 2019

B. Lynn Winmill
U.S. District Court Judge