IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| INDUSTRIAL PIPING, INC., <br><br> Plaintiff, <br><br> v. <br><br> TAO (MIKE) ZHANG, and DAYI (SEAN) LIU <br><br> Defendants. | Case No. 4:15-CV-450-BLW <br><br> **MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

The Court has before it a motion in limine to limit the testimony of defense expert Craig Roth. The motion is fully briefed and at issue. For the reasons explained below, the Court will grant the motion.

## ANALYSIS

Plaintiff Industrial Piping Inc. (IPI) filed this lawsuit to recover payment for construction work it performed on a facility for Hoku Materials to produce solar panels. Defendants intend to offer the testimony of Craig Roth as an expert witness. Roth will testify about standards in the construction industry, specifically about the standard of diligence that owners, general contractors, subcontractors, and suppliers should undertake to vet business partners prior to entering into a contract in the industry. His report does not extend his opinions to whether that standard of diligence was followed under the particular circumstances of this case or under some hypothetical fact situation.

**Memorandum Decision & Order – page 1**

Seeking to ensure that Roth will not so extend his opinions while testifying, IPI has filed this motion in limine. IPI wants to exclude him from testifying whether the standard of vetting diligence was followed in this case.

Defendants agree that Roth's report did not discuss whether his standard of vetting diligence was followed in the particular circumstances of this case, and they have no objection to limiting Roth to the contents of his report. They point out that Roth's report does state that his opinions as to the standard of diligence apply in Idaho and are valid in the time frame at issue – 2009 to 2012. Defendants argue that the issue should be reserved for trial and for objections to specific questions.

There are often times – as defendants argue – that motions in limine need to await the context of trial to resolve. But in this case, it may promote efficiency to state the obvious: Roth is limited to his report, as all counsel acknowledge. That means he can testify to the standard of vetting diligence in the industry and testify that the standard applies to Idaho and the years 2009 to 2012. He cannot testify whether the standard of vetting diligence was followed under the particular facts of this case or some hypothetical fact situation. That is the ruling requested in the motion and the Court will therefore grant the motion.

**ORDER**

In accordance with the Memorandum Decision above,

NOW THEREFORE IT IS HEREBY ORDERED, that the motion in limine (docket no. 167) is GRANTED. Defense expert Craig Roth may testify to material in his report

**Memorandum Decision & Order – page 2**

but may not testify whether the industry standard of vetting diligence was followed under the particular facts of this case or under a hypothetical set of facts.

DATED: August 16, 2019

B. Lynn Winmill
U.S. District Court Judge